STATE OF MONTANA,
                    **Plaintiff,**                      **NO. CR 91-79**

  **vs.**                                            **DECISION**

**Harry D. Whipple,**
          **Defendant.**

On April 3, 1996, it was the sentence and judgment of the Court as follows: 1. That the defendant is guilty of violating the terms and conditions of the deferred imposition of sentence imposed on October 16, 1991 for the offense of Issuing a Bad Check, a Felony, and the deferred imposition of sentence is hereby revoked; 2. The defendant is committed to the Department of Corrections and Human Services for appropriate placement into a community-based program, facility or state correctional institution for a period of ten (10) years on each charge, with four (4) years on each suspended. All to run concurrently with one another. The suspended portion of the sentence will be subject to all exisiting or unresolved conditions set forth in the sentence imposed October 16, 1991, plus additional conditions as stated in the April 3, 1996 judgment. The defendant shall receive credit for 29 days jail time served prior to sentencing.

On August 23, 1996, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 23rd day of August, 1996.

DATED this 16th day of September, 1996.

**Chairman, Hon. Ted O. Lympus**
**Member, Hon. Jeffrey M. Sherlock**
**Member, Hon. William Nels Swandal**

The Sentence Review Board wishes to thank Harry D. Whipple for representing himself in this matter.